UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SCOTTIE E. HINKSON                                      CIVIL ACTION

VERSUS                                                  NO. 12-410

CHARLES CANADAY, ET AL                                  SECTION "C" (5)

ORDER AND REASONS

This matter comes before the Court on Rule 12(b)(6) motion to dismiss filed by United Fire & Indemnity Company ("United Fire") and Rule 12(b)(6) motion to dismiss filed by Audubon Plumbing, Heating & Cooling, Inc. ("Audubon").  Rec. Docs. 15, 47. Having considered the record, the memoranda of counsel and the law, the Court rules as follows.

The plaintiff, Scottie E. Hinkson ("Hinkson") filed this suit in diversity seeking damages for personal injuries allegedly sustained on March 1, 2011, in Slidell, Louisiana, from a traffic accident between a vehicle operated by him in the course and scope of his employment with Audubon and one owned and operated by defendant, Charles Canaday, and insured by defendant State Farm Mutual Automobile Insurance Company ("State Farm").  Rec. Doc. 1.  In both of these motions, the movers argue that there is no uninsured/underinsured motorist bodily injury coverage under the policy

issued by United Fire to Audubon by virtue of waiver.[1]  Rec. Docs. 15-4; 47-2.  The plaintiff first opposed the motion filed by United Fire with the arguments that Audubon had not been served and discovery has not been completed with regard to the alleged waiver of uninsured/underinsured coverage.  Rec.Doc. 22.  In supplementary opposition, the plaintiff argues the motion to dismiss is really a motion for summary judgment, that the uninsured/underinsured coverage waiver is not properly authenticated, that United Fire has not carried its burden of proof to show waiver, and that the numbers on the policy and the waiver are not the same, the signatory on the waiver may not be properly authorized to execute it, and the initials on the waiver are illegible.  Rec.Doc. 38.

Federal Rule of Civil Procedure 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED.R.CIV.P.12(b)(6).  As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2009), the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned accusations of harm.  *Id*. at 555 (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its

---

[1] In its motion to dismiss, Audubon argues that it is immune from suit because it was Hinkson's employer in addition to the argument that there is no coverage under Audubon's policy with United Fire.  Rec. Doc. 47.  The plaintiff filed no opposition to that motion.

face." *Twombly*, 550 U.S. at 570. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Id.* at 555; *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n.9 (5th Cir. 2007).

When considering a Rule 12(b)(6) motion, a court must accept all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009). However, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), *citing Twombly*, 550 U.S. 544. Although for the purposes of a motion to dismiss a court must take all of the factual allegations in the complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

In deciding a motion to dismiss for failure to state a claim, a court may consider the contents of the pleadings, including attachments thereto, as well as the documents attached to the motion to dismiss that are referred to in plaintiff's complaint and are central to his claim. *Morgan v. Swanson*, 659 F.3d 359, 367 (5th Cir. 2011); *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008). Here, the policy and waiver are either referred to in the plaintiff's complaint or central to his claim and provide no support for any of the plaintiff's arguments that there may be underinsured/unisured coverage. The Court is at a loss to understand the "difference" in the numbers on the policy and the waiver, or why the waiver should not be considered part and parcel of the policy of

insurance, which the Court finds has been properly authenticated for present purposes. Rec. Docs. 15-3 at 4; 15-4.

Accordingly,

IT IS ORDERED that the Rule 12(b)(6) motion to dismiss filed by United Fire & Indemnity Company and the Rule 12(b)(6) motion to dismiss filed by Audubon Plumbing, Heating & Cooling, Inc. are GRANTED. Rec. Docs. 15, 47.

New Orleans, Louisiana, this 15th day of March, 2013.

HELEN G. BERRIGAN
UNITED STATES DISTRICT COURT